# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

| | |
|---|---|
| Cost Less Distributing, Inc. | Case No: 24-31912-jda |
| | Chapter 11 |
| Debtor, | Honorable Joel D. Applebaum |

## FINAL ORDER GRANTING AUTHORIZATION FOR DEBTOR'S USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION TO VELOCITY CAPITTAL

This matter came before the Court upon Debtor's *Motion for Interim Order Authorizing Debtor's use of Cash Collateral* [ECF No. 12] filed on October 16, 2024 (the "Motion"). The Court having reviewed the Motion, other pertinent pleadings, and having considered the statements made at the initial hearing. The Court is sufficiently advised in the premises.

A. On October 7, 2024. ("Petition Date"), the Debtor filed for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code (the "Bankruptcy Code").

B. The Court has jurisdiction over this matter pursuant to 28U.S.C. §§ 157 and 1334.

C. The Court's consideration of this Motion constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (K) and (M).

D. The Court held an initial hearing on October 21, 2024, resulting in an interim order allowing the use of cash collateral and payment of adequate protection allowing the use of cash collateral from October 21, 2024 to October 30, 2024, and a second interim hearing on October 30, 2024 resulting in an order allowing the use of cash collateral,

E. The procedures set forth in this Order constitute sufficient "notice and hearing" under Section 102 and 363(c) of the Bankruptcy Code, Bankruptcy Rule 2002, 4001, 6004 and 9006. This Order is being entered solely on an interim basis pursuant to Bankruptcy Rule 4001, and is expressly subject to the rights of parties in interest to object as specifically provided in paragraph below

F. Debtor requires funds to pay expenses in connection with maintaining operations, including satisfying taxes, payroll, purchasing inventory, paying utilities and similar operating expenses. Failure to pay these and similar expenses would cause Debtor immediate and irreparable harm by disrupting Debtor's ability to maintain operations, effectively shutting down Debtor.

G. Debtor does not have sufficient unencumbered funds to meet these expenses. Accordingly, Debtor requires authorization to use cash collateral to avoid immediate and irreparable harm.

135665492v1

H. Debtor's secured creditors with perfected interests in cash collateral are Velocity Capital Group, Rapid Finance and Rocket Capital.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor is authorized to use cash collateral but only under the terms and conditions set forth in this Order.

1. Velocity Capital Group, Rapid Finance and Rocket Capital (hereinafter "Secured Creditors") shall receive replacement liens in the Debtor's post-petition assets the same extent, including any limitations as to secured status based on the value of such assets under 11 U.S.C. §506, and with the same priority they had by virtue of the pre-petition perfected security interests as of the petition.
2. Debtor's permission to use cash collateral shall terminate upon the occurrence of any of the following: (a) Debtor's failure to abide by any of the terms and conditions contained in this Order, any Debtor-in Possession order, or any other order of this Court; (b) an order being entered dismissing this case or converting this case to a case under Chapter 7 of the Bankruptcy Code, appointing Trustee to perform any duties of the Debtor, or terminating the authority of the Debtor to

135665492v1

conduct business; or (c) Debtor's cessation of operations for any reason.

3. As additional adequate protection of the interests of the first priority secured creditor under §§ 361, 362, and 363(e) of the Bankruptcy Code, Velocity Capital shall receive adequate protection payments in the amount of $2,000.00 per month beginning on November 15, 2024, and continuing on the 15th of each subsequent month until further order of this Court, including until any order confirming a plan is entered in this case. Nothing in this order shall bar Secured Creditors who have not consented to this order from seeking adequate protection payments as to their interests in the future.

4. The Debtor shall duly pay as the same shall become due and payable all post-petition taxes, assessments, and governmental and other charges, which if unpaid, might become a lien or charge upon the collateral, assets, earnings or business of the Debtor, as the case may be. The Debtor shall also pay when due, all administrative taxes, including any and all federal and state withholding taxes and personal property taxes. Further, the Debtor shall file all monthly operating reports.

5. This Order hereby incorporates by reference the revised exhibit D filed at docket 34 regarding's Debtor cash requirements, which reflects Debtor's anticipated spending requirements. The only expense item

that may vary significantly is Debtor's cost of inventory which is dependent on sales. Debtor will not spend more than $256,250.00 in a month on inventory without first obtaining a court order.

6. In addition to any other reporting requirements, Debtor shall report to the United States Trustee and the Subchapter V Trustee on a weekly basis on the Friday following the entry of this order and on each subsequent Friday until further order of this Court the balances in its bank accounts, its accounts receivables, and its sales for the month to date.

7. Debtor shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order on each of the Debtor's 20 Largest Unsecured Creditors, all of the Secured Creditors, the Sub-Chapter V Trustee, the United States Trustee's Office, and all other parties who are required to be served under F.R.Bankr.P.2002 and 4004.

**Signed on November 12, 2024**



/s/ Joel D. Applebaum
**Joel D. Applebaum**
**United States Bankruptcy Judge**