# UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

IN RE:

COST LESS DISTRIBUTING, INC.

Chapter 11, Subchapter V
Case No. 24-31912
Hon. Joel D. Applebaum

Debtor.
_____/

## ORDER CONFIRMING PLAN

Cost Less Distributing, Inc. ("Cost Less" or the "Debtor"), as Debtor and Debtor in Possession, by and through its attorneys, Simen, Figura & Parker, P.L.C., having filed its Second Amended Plan of Reorganization (the "Plan") (Docket No. 103); proper notice of the Plan having been served and the Court having held a hearing on confirmation of the Plan on July 9, 2025; and the Plan generally providing as follows:

A. The Plan consists of four creditor classes. Debtor's ballot report filed at docket 110 shows three accepting classes and one nonvoting class that is deemed to have rejected the Plan;

B. Objections to confirmation were filed by Kay Financial and the United States Trustee; and

C. The Court being otherwise sufficiently and duly apprised in the

premises;

THE COURT, having reviewed the stipulation of the Debtor, United States Trustee, Subchapter V Trustee and Kay Financial, finds and hereby orders as follows

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure ("FRBP").
2. All requirements for confirmation of the Debtor's Plan (as amended and modified by the terms of this Stipulated Order) under 11 U.S.C. 1191(b) and 1129 have been satisfied and the Plan is confirmed pursuant to 11 U.S.C. 1191(b).
3. In the event this case is converted to a Chapter 7, all property of Cost Less (and the reorganized debtor) will revest in the estate.
4. The Debtor will remain responsible for filing timely monthly operating reports for the period up through and including the date this case is dismissed or converted to Chapter 7.
5. That the services of the Subchapter V Trustee shall remain in place until further order of this Court or completion of the Plan. Debtor shall make

payments directly to its creditors but shall provide the Subchapter V trustee with documentation of its initial plan payments and any subsequent payments upon request. Thirty (30) days after the first payments under the Plan having been made Debtor shall file and serve notice of consummation pursuant to 11 U.S.C 1183(c)(2).

6. This Court shall retain jurisdiction to the full extent and duration provided for by the current Bankruptcy Code.

7. Professionals shall file all claims for administrative expenses by August 13, 2025.

8. The Debtor's Plan shall be amended to provide as follows:

    A. That the discharge granted in this order shall not operate to preclude any claims of setoff, recoupment or subrogation in connection with claims retained by Cost Less;

    B. That the proceeds of all avoidance claims in Section 2.6, whether specifically listed in that section or not, shall be used to pay unsecured creditors in addition to the payments already provided for in the Plan. The proceeds may be used to pay reasonable expenses to pursue the avoidance actions;

    C. The interest rate paid to Kay Financial on its secured mortgage claim will be eleven (11%) percent per annum.

9. That the Plan filed with the Court and as modified herein is hereby confirmed under 11 U.S.C. § 1191(b).

10. That, pursuant to 11 U.S.C. § 1192 and 11 § U.S.C. §1141, the Debtor shall be granted a discharge of all debts provided for under 11 § U.S.C. §1141(d)(1)(A) or in the Plan following the completion of all payments due under the Plan.

11. That the modifications to the Plan contained in this Order constitute modifications allowed under 11 U.S.C. § 1193(a) because the Plan, as modified, meets the requirements of 11 U.S.C. §§ 1122 and 1123. Furthermore, this Order does not adversely change the treatment of the Claim of any Creditor or the interest of any equity security holder who has not accepted in writing the modification under the Plan. As a result, under FRBP 3019, the Plan is deemed accepted by all Creditors and equity security holders who have previously accepted the Plan, and it is not necessary for the Plan to be re-noticed to Creditors or equity security holders.

12. That pursuant to 11 U.S.C. § 1141(a), except as provided in 11 U.S.C. § 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, any Creditor, and Debtor's equity security holders, whether

or not the claim of such interest or creditor, is impaired under the Plan and whether such creditor or interest holder has accepted the Plan.

13. That the failure of this Order to reference or address all or part of any particular provision of the Plan has no effect on the validity, binding effect or enforceability of such provision and such provision has the same validity, binding effect and enforceability as every other provision in the Plan. In the event of any inconsistencies between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

14. That any provision of the Plan not otherwise modified by this Order shall remain in effect.

15. That upon entry by this Court Cost Less shall serve this order on the matrix.

**Signed on July 14, 2025**



/s/ Joel D. Applebaum
_____
**Joel D. Applebaum**
**United States Bankruptcy Judge**